Birdie Amsterdam, J.
The defendant appears herein specially and moves, pursuant to section 237-a of the Civil Practice Act, to set aside the service of a summons herein, strike the complaint, and vacate the warrant of attachment upon the grounds that the defendant has not been served personally and that the court does not have jurisdiction because of defendant’s sovereign immunity. The verified complaint herein seeks to recover the sum of $401,916.95 against a business agency of the Dominican Republic. The claim is predicated upon a breach by the defendant of a written commercial agreement between the parties.
Defendant’s purported claim of sovereign immunity overlooks some essential allegations of the complaint. The complaint specifically alleges that defendant is “ a business agency of the Government of the Dominican Republic ’ ’ and that the contract sued on was a “commercial agreement” for the sale of molasses. I am satisfied upon a study of the papers herein that the instant suit is brought, upon a commercial agreement to sell molasses, against the business agency of the Dominican Republic, which entered into the contract. Accordingly, it is my conclusion that sovereign immunity is not available to the defendant as a defense.
Principal reliance for defendant’s contention of sovereign immunity is placed upon the case of Berizzi Bros. Co. v. S. S. Pesaro (271 U. S. 562). However, reliance upon that case, is misplaced, for since 1944 the holding in the Berizzi case has been abandoned by the highest court of our land in the cases *561 of Mexico v. Hoffman (324 U. S. 30) and National Bank v. Republic of China (348 U. S. 356).
In 1952 the United States Department of State issued a famous policy statement on the question of sovereign immunity. This statement is embodied in what is known as the “ Tate letter ”, which was printed in 26 Department of State Bulletin 98A-985. The significant portion of this declaration of policy by the Department of State was to the effect that it felt that widespread and increasing practice on the part of governments of engaging in commercial activities makes necessary a practice which will enable persons doing business with them to have their rights determined in the courts. For these reasons, it was stated that hereafter the department’s policy would be to follow the restrictive theory of sovereign immunity in the consideration of requests of foreign governments for a grant of sovereign immunity.
Accordingly, in the National Bank case, afore-cited, the Supreme Court of the United States gave judicial effect to this change of policy by the Department of State and refused to follow the Beriszi decision. In Et Ve Balik Kurumu v. B. N. S. Int. Sales Corp. (25 Misc 2d 299, 303), the Supreme Court, New York County, invoked this new doctrine and limited the concept of sovereign immunity still further.
In addition to the foregoing it appears from the papers and exhibits that any claim this defendant may have had to foreign immunity was waived by the contract in suit, since the contract contains the following consent by the defendant to be sued in court: “ 12.— general: Any controversy or claim arising out of, or relating to, this contract, or for the breach thereof, shall be referred to the courts having jurisdiction in accordance with international law, provided no agreement is reached between the parties for a settlement out of court.” I am persuaded, therefore, that this contractual consent to be sued is clearly inconsistent with any claim of sovereign immunity and amounts to a waiver.
Coming now to the portion of defendant’s motion which challenges the validity of the personal service upon the defendant, I find that issues of fact are presented which require further inquiry before an adjudication can be made in respect thereof. Plaintiff argues that the defendant has continually done a large volume of business in the State of New York since 1956; that the defendant does in fact regularly maintain a place of business within the State, which is listed in the telephone book; and that Dr. Priester and other members of the defendant regularly come to New York on business. The defendant denies same and *562 urges that its presence here is not sufficient to subject it to our jurisdiction. This branch of the motion is, therefore, referred to Hon. Felix C. Benvenga, Official Beferee, who will take the proofs of the parties in respect thereof and report to the court thereon, together with his recommendations.